IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **CHARLENE DAVIES,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | Case No. |
| ) | **JURY DEMANDED** |
| ) | |
| **LIMINEX, INC. d/b/a GOGUARDIAN,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT,
TENNESSEE HUMAN RIGHTS ACT, AND TENNESSEE PUBLIC PROTECTION ACT**

**COMES NOW** Plaintiff Charlene Davies (hereinafter "Plaintiff" or "Ms. Davies"), by and through undersigned counsel, and files this Complaint against Defendant Liminex, Inc. d/b/a GoGuardian (hereinafter "GoGuardian" or "Defendant") for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 *et. seq.*, and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, and in support states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant based on unlawful age discrimination, sex discrimination, and retaliation in violation of the Age Discrimination in Employment Act, the Tennessee Human Rights Act, and the Tennessee Public Protection Act.

2. Plaintiff is a former employee of Defendant who alleges that Defendant discriminated against her on the basis of age and sex and retaliated against her for participation in

1

          protected activities and reporting what she in good faith believed to be unlawful conduct by Defendant and its representatives.

3. Defendant's actions are in direct violation of the Age Discrimination in Employment Act, the Tennessee Human Rights Act, and the Tennessee Public Protection Act.

4. Plaintiff seeks money damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff, Ms. Charlene Davies, is an adult resident of Shelby County, Tennessee.

6. Defendant Liminex, Inc. d/b/a GoGuardian ("Defendant" or "GoGuardian") is a California corporation formed under the laws of Delaware. Defendant can be served with process with its registered agent, 1505 Corporation CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Sacramento, CA 95833.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same controversy.

8. This Court has personal jurisdiction over the Defendant because it engages in continuous and systematic business contacts within the State of Tennessee and maintains a substantial physical presence in this State.

9. Venue for this action is proper in this Court and County pursuant to Tenn. Code Ann. § 20-4-101. The facts and circumstances which give rise to the causes of action contained within this Complaint occurred in Shelby County, Tennessee, and within this Judicial District.

## FACTUAL ALLEGATIONS

10. Ms. Davies began her tenure with GoGuardian in June of 2021, where she worked remotely in Arlington, Tennessee.

11. Ms. Davies worked as a Sales Executive, selling the services of GoGuardian to school districts nationwide.

12. While only with the company for a short period of time, Ms. Davies held the position of top performer/seller for each year that she worked there; in fact, Ms. Davies sold two of the largest contracts to date for the company, totaling $1.3 million dollar in sales during the months of February and March 2023.

13. To further evidence her dedication and service to GoGuardian, Ms. Davies also received stellar performance reviews, where she received "exceeded expectations" for both years she worked for the company.

14. Despite her stellar performance, Ms. Davies earned significantly less than similarly situated male employees.

15. In February 2024, Ms. Davies presented these concerns regarding her pay in comparison to male colleagues to her supervisor, Ms. Maria Hussion.

16. At no point did Ms. Hussion nor any representative of GoGuardian assist Ms. Davies with the issue or investigate the matter properly.

17. On or about August 16, 2023, Ms. Davies was made privy to the forthcoming plans to lay off a number of employees in the GoGuardian company by the Vice President of Sales, Dave Frayser.

18. Mr. Frayser provided Ms. Davies with the list of individuals who were being terminated and those who were staying along with the structural organization and reporting chain of those who would be staying.

19. After Ms. Davies inquired regarding her employment status with regards to the layoffs, Mr. Frayser adamantly ensured Ms. Davies that her position was safe and that her name was listed as one of the employees who would be safe after the layoff.

20. Ms. Davies had reason to believe that the information Mr. Frayser was providing her was accurate, because Mr. Frayser had previously informed her that another Vice President of sales would be let go, two weeks before he was terminated.

21. On September 20, 2023, Ms. Davies went to her Human Resources department regarding instances of business malpractice and Child Internet Protection Act violations she had witnessed first-hand.

22. Particularly, Ms. Davies reported the following issues which she in good faith believed to be unlawful behavior by GoGuardian and its representatives:

    - Ms. Davies reported a bait and switch being conducted by GoGuardian, where the company was offering heavily discounted prices for their services, only to then switch it with a price nearly 70% higher than what was originally quoted.

    - Further, due to the issues GoGuardian was facing with implementing their services in Iowa, Ms. Davies reported the potential CIPA violation that would occur if the company did not act in time, which the company failed to do.

    - Moreover, Ms. Davies reported the then Vice President and the Chief Resource Officer for violations of the Invention Agreement for discussing GoGuardian's financial situation with customers.

- Finally, Ms. Davies reported her managers who were requesting that she inflate her forecast numbers, which she refused to do.

23. On October 12, 2023, only three (3) weeks after her complaints and in close temporal proximity to Ms. Davies reporting the violations and malpractices of GoGuardian, Defendant terminated Ms. Davies.

24. Ms. Davies was forty-three (43) years old at the time of her wrongful termination.

25. Ms. Davies's termination was in direct contrast to Mr. Frayser's previous reassurances only weeks earlier and confidence in informing her that her position was safe.

26. Notably, all of the employees Mr. Frayser assured her would be staying after the lay-off stayed, with the one exception being Ms. Davies. This fact, when viewed with the surrounding factual background and timeline, clearly highlights the fact that but-for Ms. Davies reporting business malpractice and violations, she would still be employed by GoGuardian.

27. During the lay-off, a number of significantly younger men—who earned a higher salary than Ms. Davies and who significantly underperformed her—were not terminated, clearly indicating that Ms. Davies's termination was not simply a financial decision, but was rather a pretextual and discriminatory action by GoGuardian.

28. For example, Mr. Trevor Boyce, an account executive who was paid higher compensation than me, was retained despite performing at a significantly lower level than me and only meeting approximately four percent of his annual 2022 goal and 24.8% of his 2023 goal.

29. Mr. Jacob Smith and Mr. Chris Kaye, two male account executives under 40 years old, had achieved only 25.2% and 27.0% of their 2023 goals, respectively.

30. During this period, Ms. Davies consistently met 100% of her expectation of sales.

## COUNT I-
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND THRA

31. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-30 as if fully set forth herein.

32. The Age Discrimination in Employment Act ("ADEA") and Tennessee Human Rights Act ("THRA") make it unlawful for an employer to discharge an individual, or to otherwise discriminate against any individual with respect to her privileges of employment because of such individual's age.

33. Defendant is subject to the THRA as an employer because it is an entity with eight or more employees. Tenn. Code Ann. § 4-21-103(5).

34. Ordinarily, an ADEA plaintiff must establish a prima facie case of discrimination by showing that he or she: (1) was a member of the protected class; (2) suffered an adverse employment action; 3) was qualified for the employment position at issue; and 4) was either replaced by a person who was significantly younger or was treated differently than similarly-situated individuals who were significantly younger. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003)

35. In a case involving termination as part of a reduction of work force, an ADEA plaintiff must show "direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" to establish a prima facie case. *Allen v. Diebold, Inc.*, 33 F.3d 674, 677 (6th Cir. 1994).

36. Here, Ms. Davies is over forty-three (43) years of age, making her a member of the protected class under the ADEA and THRA.

37. On October 12, 2023, Defendant terminated Ms. Davies.

38. Throughout Ms. Davies's employment, Ms. Davies held the position of top performer/seller for each year that she worked there and was the employee who sold the largest contracts to date for the company, totaling $1.3 million dollar in sales during the months of February and March 2023.

39. Moreover, Ms. Davies received stellar performance reviews from supervisors during her employment.

40. As such, Ms. Davies was qualified for her position.

41. Ms. Davies was terminated from her position despite consistently meeting and exceeding her expectations, while numerous younger employees who did not come close to meeting their sales goals remained employed.

42. As such, Ms. Davies was treated differently than similarly-situated individuals who were significantly younger.

43. Moreover, the fact that numerous younger employees remained employed despite severe underperformance demonstrates that Defendant singled out Ms. Davies when terminating her.

44. Therefore, GoGuardian unlawfully discriminated against Ms. Davies on the basis of her age.

## COUNT II-
## SEX DISCRIMINATION IN VIOLATION OF THE ADEA AND THRA

45. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-44 as if fully set forth herein.

46. Title VII and the THRA make it unlawful for an employer to discharge an individual, or to otherwise discriminate against any individual with respect to his privileges of employment because of such individual's sex.

47. Defendant is subject to the THRA as an employer because it is an entity with eight or more employees. Tenn. Code Ann. § 4-21-103(5).

48. The complainant carries the initial burden of establishing a prima facie case of discrimination by showing that (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for the position in question, and (4) she was replaced by a non-protected person or was treated differently from a similarly situated, non-protected employee. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

49. Here, as a woman, Ms. Davies is a member of the protected class under Title VII and THRA.

50. On October 12, 2023, Defendant terminated Ms. Davies.

51. Throughout Ms. Davies's employment, Ms. Davies held the position of top performer/seller for each year that she worked there and was the employee who sold the largest contracts to date for the company, totaling $1.3 million dollar in sales during the months of February and March 2023.

52. Moreover, Ms. Davies received stellar performance reviews from supervisors during her employment.

53. As such, Ms. Davies was qualified for her position.

54. Despite her stellar performance, Ms. Davies earned significantly less than similarly situated male employees.

55. In February 2024, Ms. Davies presented these concerns regarding her pay in comparison to male colleagues to her supervisor, Ms. Maria Hussion.

56. Ms. Davies was terminated from her position despite consistently meeting and exceeding her expectations, while numerous male employees who did not come close to meeting their sales goals remained employed.

57. As such, Ms. Davies was treated differently than similarly-situated individuals who were outside of the protected class.

58. Therefore, GoGuardian unlawfully discriminated against Ms. Davies on the basis of her sex.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

59. Plaintiff hereby incorporates all allegations contained in paragraphs 1-58 as if they were fully set forth herein.

60. Title VII prohibits any covered employer from retaliating or discriminating against any employee who engages in protected activity under the statute. *See* 42 U.S. C. § 2000e–3(a).

61. To prevail on claim for retaliation in violation of Title VII, an employee must show: (1) that she engaged in protected activity under Title VII; (2) that the Defendant knew of her protected activity; (3) that the Defendant took adverse action against her thereafter; and (4) that a causal connection exists between the protected activity and the materially adverse action. *Morris v Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

62. Here, Ms. Davies engaged in protected activity by presenting regarding her pay in comparison to male colleagues to her supervisor, Ms. Hussion.

63. At no point did Ms. Hussion nor any representative of GoGuardian assist Ms. Davies with the issue or investigate the matter properly.

64. Instead, within months, GoGuardian terminated Ms. Davies's employment despite years of stellar performance with the company under the guise of a layoff; yet, the company maintained the employment of less successful and higher earning male counterparts.

65. As such, a causal connection exists between Ms. Davies's complaints and her termination

66. Defendant's conduct was intentional and caused Plaintiff to suffer humiliation, embarrassment, degradation, emotional distress, mental anguish, and monetary damages as a result of illegal termination, and Defendant is liable to Plaintiff for damages.

## **COUNT IV – RETALIATION IN VIOLATION OF THE TPPA**

67. Plaintiff hereby incorporates all allegations contained in paragraphs 1-66 as if they were fully set forth herein.

68. Under the TPPA, no employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.  Tenn. Code Ann. § 50-1-304(b).

69. Pursuant to Tenn. Code Ann. § 50-1-304, Plaintiff engaged in a protected activity by reporting what she in good faith believed to be illegal activities to Defendant, including the following:

- Ms. Davies reported a bait and switch being conducted by GoGuardian, where the company was offering heavily discounted prices for their services, only to then switch it with a price nearly 70% higher than what was originally quoted.

- Further, due to the issues GoGuardian was facing with implementing their services in Iowa, Ms. Davies reported the potential CIPA violation that would occur if the company did not act in time, which the company failed to do.

- Moreover, Ms. Davies reported the then Vice President and the Chief Resource Officer for violations of the Invention Agreement for discussing GoGuardian's financial situation with customers.

- Finally, Ms. Davies reported her managers who were requesting that she inflate her forecast numbers, which she refused to do.

70. On October 12, 2023, within mere weeks of Ms. Davies's complaints of illegal activity, Defendant terminated Ms. Davies.

71. Accordingly, Defendant violated the TPPA by terminating Ms. Davies's employment for engaging in protected activity.

72. Defendant's conduct was intentional and caused Plaintiff to suffer humiliation, embarrassment, degradation, emotional distress, mental anguish, and monetary damages as a result of illegal termination, and Defendant is liable to Plaintiff for damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charlene Davies prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the ADEA, the THRA, Title VII, and the TPPA;

2. An award of money damages for lost wages, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and penalties in an exact amount to be determined at trial.

3. An award of costs and expenses of this action incurred herein, including reasonable attorney's fees and expert fees;

4. That this matter be tried by a jury; and

5.  Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 10, 2024                    Respectfully Submitted,

                                            s/ Alan G. Crone
                                            Alan G. Crone, TN Bar No. 014285
                                            W. Patrick Crone, TN Bar No. 039578
                                            THE CRONE LAW FIRM, PLC
                                            88 Union Avenue, 13th Floor
                                            Memphis, TN 38103
                                            901-737-7740 (voice)
                                            901-474-7926 (fax)
                                            acrone@cronelawfirmplc.com
                                            pcrone@cronelawfirmplc.com

                                            *Attorneys for Plaintiff*

## **DECLARATION & VERIFICATION**

I, Charlene Davies, verify and declare that the facts stated in the foregoing Verified Complaint for violations of ADEA, THRA, Title VII, and the TPPA are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant but in sincerity and truth for the causes mentioned in the Complaint.

_____
Charlene Davies

12 / 10 / 2024
_____
Date

**Dropbox Sign**                                                      Audit trail

| | |
|---|---|
| Title | Updated Complaint - to sign |
| File name | 2024.12.10_-_Davi..._to_be_signed.pdf |
| Document ID | 6828c1ee7fe87d4913a998b7027ed1c65c72a38f |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**          **12 / 10 / 2024**          Sent for signature to Charlene Davies
                  17:00:29 UTC-6              (charlenevhooper@gmail.com) from jlc@cronelawfirmplc.com
                                              IP: 173.20.59.19

**VIEWED**        **12 / 10 / 2024**          Viewed by Charlene Davies (charlenevhooper@gmail.com)
                  18:10:10 UTC-6              IP: 108.28.14.198

**SIGNED**        **12 / 10 / 2024**          Signed by Charlene Davies (charlenevhooper@gmail.com)
                  18:10:21 UTC-6              IP: 108.28.14.198

**COMPLETED**     **12 / 10 / 2024**          The document has been completed.
                  18:10:21 UTC-6

Powered by **Dropbox Sign**